GEORGE F. VERRY, Administrator, *vs.* JOSEPH McCLELLAN.

On the petition of an administrator for license to sell a specific portion of the estate of the deceased for the payment of debts and charges, and after publication of notice to show cause why license should not be granted to sell "the whole of the real estate of said deceased," a license to sell "the whole of the real estate of said deceased" is irregular and void; and will not support an action by the administrator, on the Rev. Sts. c. 71, § 12 to recover the specific portion, as having been fraudulently conveyed by the deceased.

THOMAS, J. This is a writ of entry, brought by the demandant, as administrator of the remaining estate of John Titus, to recover possession of certain lands in Douglas and Sutton in this county. The estate of the deceased had been represented insolvent. The demandant seeks to recover the estate, on the ground that it had been conveyed by the deceased with intent to defraud his creditors, and was therefore chargeable with his debts, and liable to be sold for their payment. Rev. Sts. c. 71, § 11. The twelfth section of the same chapter authorizes an executor or administrator, who has been licensed to sell any lands so fraudulently conveyed by the deceased, to obtain possession thereof by entry or action, and to sell them within one year after obtaining possession. To maintain the action then, the administrator must show that he has been duly licensed to sell.

The land demanded in the writ consists of three parcels, situated in Douglas and Sutton. The inventory of the estate of the deceased contained three parcels. The estate which the administrator petitioned the probate court for license to sell was represented to "consist of a lot of land situated in said Sutton, with an undivided half of a dwelling-house standing thereon, appraised at $800." The petition represented that "by a sale of part of said real estate the residue would be greatly injured;" and the prayer was for license to sell "the whole of the said real estate of said deceased" for the payment of debts and charges of administration. The notice issued was to show cause why license should not be granted to the administrator "to sell the whole of the real estate of said deceased." **The**

license granted was "to sell the whole of the real estate of said deceased." The prayer was for license to sell a specific estate.

It is very plain that the notice and license do not concur with, and are not based upon the petition, and that the license is therefore irregular and void. If so, this action cannot be maintained. ' *Demandant nonsuit.*

*P. C. Bacon & G. F. Verry*, for the demandant, cited Rev. Sts. *c.* 71; *Yeomans* v. *Brown*, 8 Met. 51; *Norton* v. *Norton*, 5 Cush. 524; *Sewall* v. *Raymond*, 7 Met. 454; *Jenness* v. *Robinson*, 10 N. H. 215.

*G. F. Hoar*, for the tenant.